Kristo PAPA, Petitioner,

v.

Michael B. MUKASEY,[1] Respondent.

Nos. 04–4221–ag (L), 08–0495–ag (Con).

United States Court of Appeals,
Second Circuit.

Dec. 10, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Paul O'Dwyer, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Leslie McKay, Assistant Director, Theodore C. Hirt, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Kristo Papa, a native and citizen of Albania, seeks review of a January 2, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Papa,* No. 95 461 543 (B.I.A. Jan. 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Papa concedes that we lack jurisdiction to review the BIA's July 2004 order in his brief before this Court, we proceed to review only his challenge to the BIA's denial of his motion to reopen. The petition for review in Docket No. 04–4221–ag is thus dismissed as moot.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Additionally, the deadline may also be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006). Here, the BIA did not abuse its discretion

in denying Papa's motion to reopen as untimely where it was filed more than three years after the BIA's decision affirming the IJ's denial of relief. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, Papa's arguments as to changed country conditions and ineffective assistance of counsel are unavailing.

## A. Ineffective Assistance of Counsel

■ The BIA did not abuse its discretion in finding that Papa failed to exercise due diligence in pursuing his ineffective assistance of counsel claims. *See Ke Zhen Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 93 (2d Cir.2001). Papa does not challenge the BIA's finding that he was aware of Steinberg's ineffective assistance at the time of his merits hearing. Instead, he argues that pursuing an ineffective assistance claim against Steinberg became the responsibility of Stamatelatos, the attorney he hired after the IJ denied his applications for relief. However, as the government argues, no evidence indicates that Papa requested that Stamatelatos pursue an ineffective assistance of counsel claim against Steinberg or that Papa took any other steps to do so until almost three years later, when he filed the motion that is the subject of this petition for review. Accordingly, the BIA reasonably found that Papa failed to exercise due diligence in pursuing any claim against Steinberg. *See Rashid v. Mukasey,* 533 F.3d 127, 132 (2d Cir.2008) (finding no exercise of due diligence where fourteen months elapsed from the time the petitioner knew or should have known of the alleged ineffective assistance).

■ The BIA also did not abuse its discretion in finding that Papa did not exercise due diligence in pursuing his ineffective assistance of counsel claim against Stamatelatos. As the BIA found, even assuming that Papa did not learn that his brief before the BIA was rejected as untimely until May 2007, no evidence indicated that Papa took any steps to obtain new counsel or investigate the status of his case in the almost three years that elapsed between the hiring of Stamatelatos and the hiring of his subsequent attorney. *See Iavorski v. INS,* 232 F.3d 124 (2d Cir.2000) (finding that the petitioner could not demonstrate that he had exercised due diligence during the two years he sought to toll where he made no attempts to investigate the status of his case during that time).

## B. Changed Country Conditions

■ Moreover, we conclude that the BIA did not abuse its discretion in finding that Papa failed to establish materially "changed circumstances arising in the country of nationality" demonstrating his eligibility for asylum. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Ke Zhen Zhao,* 265 F.3d at 93. The only evidence Papa submitted in support of his argument that country conditions had changed was the affidavit of Dr. Bernd J. Fischer. While Dr. Fischer opined that Papa may face persecution on account of his Christianity, the BIA properly found that although Papa testified before the IJ that he was Christian, he never claimed to fear persecution on that basis. The BIA also reasonably found that Dr. Fischer's description of generalized, widespread violence surrounding the 2005 and 2007 elections did not establish Papa's eligibility for asylum. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313–14 (2d Cir.1999) (finding that reports of general violence do not establish a well-founded fear of persecution). Additionally, the BIA properly found that nothing in the record indicated how, as he claimed, Papa would come to the attention of the police officers he previously encountered seven

or eight years prior or that there was any specific, ongoing threat against Papa.

For the foregoing reasons, the petitions for review are DENIED, in part, and DISMISSED, in part. The pending motion for a stay of removal in these petitions is DISMISSED as moot. The pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).